UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Ralph L. Punches, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:12-CV-974 |
| | ) | |
| vs. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff Ralph Punches filed a complaint against defendant Commissioner of Social Security protesting the Commissioner's denial of disability benefits. (Doc. 1.) This matter is now before me on United States Magistrate Judge Nancy A. Vecchiarelli's Report and Recommendation that I affirm the Commissioner's decision (Doc. 19) and Plaintiff's objections to that report (Doc. 23). Plaintiff alleges that the ALJ's failure to explain the weight given to Dr. Rowan's report and other acceptable medical sources requires reversal for a new decision that adequately explains the weight accorded to the various medical sources of record in compliance with 20 C.F.R. § 404.1527(d).

Following a de novo determination of those of the Magistrate Judge's findings to which Plaintiff objects, I deny Plaintiff's objections and adopt the R&R. 28 U.S.C. § 636(b)(1); *Ivy v. Sec'y of Health & Human Servs.*, 976 F.2d 288, 289-90 (6th Cir. 1992) (defining the district judge's role: "[T]he judge makes a *de novo* review of the pertinent record; considers carefully the magistrate judge's report and recommendation; and then indicates his or her reasons, as briefly, succinctly and reasonably expressed as the case requires, for the court's decision.").

**BACKGROUND**

The R&R accurately recites and summarizes Plaintiff's work history (Doc. 19 at 3); Plaintiff's medical history (*id.* at 4-6); and the administrative hearing and decision (*id.* at 6-9). I adopt these sections in their entirety.

Briefly, Plaintiff is a 57 year-old male who suffers from, among other things, obesity, an abdominal hernia, back arthritis, and left shoulder pain. (Tr. 18, 431.) He says he is disabled because pain limits his ability to sit, walk, and lay down. (Tr. 91.) Plaintiff has a high school education and is able to communicate in English. (Tr. 18.) He had past relevant work as a dishwasher, pizza deliveryman, taxi driver, parts deliveryman, and production assembler. (*Id.*)

In March 2004, Plaintiff filed applications for Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). (Tr. 47.) After the applications were denied initially and upon reconsideration, Plaintiff requested a hearing before an Administrative Law Judge. (*Id.*) On November 27, 2007, the ALJ found Plaintiff was not disabled. (Tr. 47-53.) Plaintiff did not appeal the ALJ's decision, and that decision became the Commissioner's final decision.

Then, in November 2008, Plaintiff again filed applications for POD, DIB, and SSI, alleging a disability onset date of November 28, 2007 (the day immediately after the prior ALJ decision). (Tr. 12). Defendant Commissioner of Social Security denied the applications initially and upon reconsideration, and Plaintiff requested a hearing before an ALJ. (*Id.*) In June 2010, ALJ Marlene W. Heiser held Plaintiff's hearing. In determining Plaintiff's residual functional capacity ("RFC"), the ALJ concluded that Dr. Rowan's findings were not materially different than the findings from the examinations before the prior ALJ. This led the ALJ to adopt the prior ALJ's RFC, meaning Plaintiff was capable of performing past relevant work as a pizza deliveryman, and was not disabled as

defined by the Act. (Tr. 18.) The Appeals Council declined to review the ALJ's decision, and that decision became the Commissioner's final decision. (Tr. 1).

Following the denial, Plaintiff filed a timely complaint against the Commissioner (Doc. 1), over which this Court has jurisdiction. 42 U.S.C. § 405(g). I referred the case to the Magistrate Judge for preparation of a Report and Recommendation. Local Rule 7.2(b)(2). In her decision, the Magistrate Judge recommended affirming the ALJ's decision. (Doc. 19.) Plaintiff filed a timely objection (Doc. 23) and the Commissioner relied on its previous brief (Doc. 15).

## OBJECTION

Plaintiff claims that the ALJ's failure to explain the weight given to Dr. Rowan's report and the other acceptable medical sources under § 404.1527 constitutes reversible error as a matter of law. Plaintiff, however, has not shown that Dr. Rowan was a treating source or that Dr. Rowan's opinion deserves a different level of weight than that attributed by the ALJ.

On July 10, 2008, Midwest Community Health Associates ("MCHA") physician Stan Rowan, M.D. examined Plaintiff regarding an abdominal hernia, bad back, and left shoulder pain in cold or wet weather. (Tr. 431.) Dr. Rowan noted that Plaintiff was 69 inches tall and weighed 334 pounds. (*Id.*) Dr. Rowan diagnosed Plaintiff with back arthritis, an abdominal wall hernia, mild left shoulder pain, and obesity. (*Id.*) He concluded that Plaintiff "[c]ould do light work[,] not much bending or lifting [greater than] 10 [pounds]." (*Id.*) Dr. Rowan instructed Plaintiff to obtain several blood tests, including a CBC and a lipid panel.

A message notation reflects that, on that same date, Plaintiff contacted MCHA and requested a statement from Dr. Rowan that Plaintiff "can't work for food stamps." (Tr. 433.) In response, Dr. Rowan wrote: "He can do light work." (*Id.*) Thereafter, Dr. Rowan completed a Basic Medical form for the Ohio Department of Job and Family Services, on which he indicated that he had last examined Plaintiff on July 10, 2008. (Tr. 432, 438.) Dr. Rowan reported Plaintiff's medical

3

conditions as back arthritis, abdominal wall hernia, obesity, and mild left shoulder pain. (Tr. 432.) He based his opinions on his "exam taken on 7/10/08." (Tr. 438.)

A November 11, 2008 entry in MCHA's records reflects that Plaintiff did not undergo the lab tests ordered by Dr. Rowan. (Tr. 498.)

On May 11, 2009, Plaintiff reported to the emergency department at Community Hospital and Wellness Center in Bryan, Ohio, complaining of pain and numbness in his left lower back, radiating into his left leg. (Tr. 486.) He received treatment from Dr. Teresa Berridge, and was discharged with instructions to follow up with Dr. Rowan on May 13, 2009. (Tr. 475, 486.) Plaintiff did not show up for his May 13, 2009 appointment with Dr. Rowan. (Tr. 496.)

Despite Plaintiff's claims of ongoing treatment, the record indicates that Plaintiff only visited Dr. Rowan on one occasion, and failed to undergo the ordered blood tests or show up for his appointment in May 2009. Similarly, the record indicates (and Plaintiff does not assert otherwise) that he only visited each of the other medical sources listed in his objection on one occasion each: Dr. Diaz on April 10, 2009 (Tr. 451); Dr. Holbrook on May 14, 2009 (Tr. 514); Dr. Virgil on April 24, 2009 (Tr. 452); Dr. Tishler on May 7, 2009 (Tr. 457); and Dr. Ornanusi on July 26, 2007 (Tr. 578).

The Social Security Administration gives the most weight to opinions from a claimant's treating source; accordingly, an ALJ is procedurally required to "give good reasons" in its notice of determination or decision for the weight it gives the claimant's treating source's opinion. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). This requirement, however, only applies to treating sources. *Id.* at 876.

A physician qualifies as a treating source if the claimant sees her "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition." 20 C.F.R. § 404.1502. A physician seen infrequently can be a treating source "if the

4

nature and frequency of the treatment or evaluation is typical for [the] condition." *Id.*; *Smith*, 482 F.3d at 876. A nontreating source is a physician, psychologist, or other acceptable medical source who has examined the patient but does not have, or did not have, an ongoing treatment relationship with the patient. 20 C.F.R. § 404.1502. One relevant question for making this distinction is whether the physician had the ongoing relationship with the Plaintiff to qualify as a treating physician at the time he rendered his opinion. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 506 (6th Cir. 2006).

The case law is clear that one examination is generally not sufficient to establish an ongoing relationship at the time of that examination. See *Kornecky*, 167 F. App'x at 507 ("[A] plethora of decisions unanimously hold that a single visit does not constitute an ongoing treatment relationship"); *Smith*, 482 F.3d at 876 (holding that one visit to a physician was insufficient for physician to qualify as a treating source); *Hackle v. Comm'r of Soc. Sec.*, No. 1:12-CV-145, 2013 WL 618630 (S.D. Ohio Feb. 19, 2013) (holding that one visit to a physician without evidence of an ongoing relationship was insufficient for physician to qualify as a treating source); *Abney v. Astrue*, No. CIV A 507-394-KKC, 2008 WL 2074011 (E.D. Ky. May 13, 2008) ("One meeting clearly cannot constitute the 'ongoing treatment relationship' required for [physicians] to be considered treating sources"). In the absence of treating source status, courts in the Sixth Circuit do not reach the question of whether or not the ALJ violated § 404.1527(d) by failing to give reasons for not accepting their reports. *Smith*, 482 F.3d at 876.

Plaintiff asserts that Dr. Rowan qualifies as a treating source, despite Plaintiff having only visited Dr. Rowan on one occasion. While it is conceivable that for some conditions, a single visit to a medical source would meet the statutory requirement that the "nature and frequency" be "typical for the condition," the fact that tests and follow up appointments were ordered for Plaintiff's condition (neither of which Plaintiff completed) indicates that treatment of Plaintiff's condition demanded more frequency of interaction to deem Dr. Rowan a treating source. Without evidence to

5

indicate otherwise, I cannot disagree with the "plethora of decisions unanimously hold[ing] that a single visit does not constitute an ongoing treatment relationship." *Kornecky*, 167 F. App'x at 507. Similarly, because the Plaintiff only saw each of the other listed medical sources once, and has not provided evidence or asserted that any of the other medical sources qualify as a treating source, none of the Plaintiff's relationships with those medical sources evinces the type of ongoing treatment relationship contemplated by the regulation, and therefore none of the other physicians qualify as treating sources.

Because none of the medical sources qualify as treating sources, there is no need to discuss § 404.1527(d) and whether the ALJ explained the weight given to Dr. Rowan's report. *Smith*, 482 F.3d at 876. Accordingly, the alleged failure by the ALJ does not constitute reversible error as a matter of law.

## CONCLUSION

For the reasons stated herein, I deny Plaintiff's Objection, and adopt the Magistrate Judge's Report and Recommendation affirming the Commissioner's denial of disability insurance benefits.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge